UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHEMARIAH LEE OWENS,

        Petitioner,

  -v-                                                18-CV-280
                                                    ORDER

CAPTAIN COVENY,

        Respondent.
_____

        The petitioner, Shemariah Lee Owens, an inmate at the Elmira Correctional Facility, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. The Court issued a scheduling order, Docket Item 3; the respondent responded to the petition, Docket Items 20-21; and the petitioner replied, Docket Item 22.

        The petitioner also has moved for the issuance of subpoenas for deposition testimony, Docket Item 5, and for the appointment of counsel, Docket Items 6 and 8. For the reasons that follow, the petitioner's motions are denied.

## **ISSUANCE OF SUBPOENAS**

        "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, "discovery is allowed only if the district court, acting in its discretion, finds 'good cause' to allow it." *Ferranti v. United States*, 480 F. App'x 634, 638-39 (2d Cir. 2012) (quoting *Bracy*, 520 U.S. at 904). To satisfy the good cause standard, a petitioner must present "specific allegations" that give the district court "reason to

1

believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson,* 394 U.S. at 300 (1969)). A "district court enjoys 'broad discretion' to determine whether discovery is warranted in a habeas proceeding." *Ferranti*, 480 F. App'x at 638-39.

Here, the petitioner requests that the Court issue subpoenas for depositions of six individuals "to show and prove the Constitutional violations, to provide supporting testimony of innocence, and to impeach witness prior testimony during criminal trial." Docket Item 5 at 1. These general statements do not constitute "specific allegations" that suggest that there is good cause for discovery in this case. Accordingly, the petitioner's motion for issuance of subpoenas is denied.

## **APPOINTMENT OF COUNSEL**

Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). It is well established that prisoners have no constitutional right to counsel when collaterally attacking their convictions, however. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Instead, appointment of counsel is generally within the court's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c); *see also Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007). Here, however, there is no indication that an evidentiary hearing will be required. Moreover, the petitioner has not provided the Court with any information

2

indicating that the interests of justice require the appointment of counsel. The petitioner has already submitted a petition, Docket Item 1, and a reply, Docket Item 22, and it appears that the claims raised can be addressed based on the record already before the Court. If, upon review, the Court determines that an evidentiary hearing is required or that the interests of justice require appointment of counsel, the Court will appoint counsel at that time.

## **ORDER**

Accordingly, the petitioner's motion for the issuance of subpoenas, Docket Item 5, is DENIED, and the petitioner's motions for appointment of counsel, Docket Items 6 and 8, are DENIED without prejudice.

SO ORDERED.


Dated: October 16, 2019
Buffalo, New York


 *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE