UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHEMARIAH LEE OWENS,

                Petitioner,

v.

CAPTAIN COVENY,

                Respondent.

**18-CV-280-JLS-HBS**

**Report & Recommendation**

---

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C). Dkt. No. 27. Self-represented petitioner Shemariah Lee Owens has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his state court convictions on several grounds. *See* Dkt. No. 1. The Court has received a copy of the State Court Record (Dkt. No. 17, hereinafter "SCR") and Respondent has filed an opposition memorandum. Dkt. No. 20. Owens has filed his reply. Dkt. No. 22. The matter is therefore fully briefed.

For the reasons that follow, the Court recommends that Owens's request for habeas relief be DENIED and that the petition be DISMISSED.

## BACKGROUND

In January 2014, Owens was indicted in New York state court on three counts of first degree sexual abuse and three counts of endangering the welfare of a child. SCR at 95-97. At trial, the State alleged that Owens had engaged in inappropriate sexual context with three minor victims, who the Court refers to as "O.B.", "C.M.", and "C.C.".

O.B. testified that Owens was her cousin's ex-boyfriend. On one weekend in fall 2012, O.B. spent the night at a relative's house, where Owens was also staying. Dkt. No. 17-1 at 379. As O.B.

was leaving for the weekend, she gave Owens a goodbye hug. *Id.* at 380. When O.B. did, Owens put his hands on her buttocks. *Id.* O.B. testified that Owens kept his hands on her "[f]or a little while." *Id.* O.B.'s cousin was nearby, but she did not notice what had occurred because she was facing the opposite direction and placing O.B.'s brother into a car. *Id.* at 380-81.

C.M. testified that, during the same time period, and at the same relative's house, Owens touched her inappropriately. *Id.* at 356. While C.M. was asleep in bed, Owens got into the bed, pulled C.M.'s underwear and pants down, and rubbed C.M.'s vagina. *Id.* at 359-60.

C.C. was unable to testify at trial, and so the charges related to her (one count of sexual abuse and one count of endangering the welfare of a child) were dismissed. *Id.* at 389, 392.

The jury returned guilty verdicts on the remaining four charges. Dkt. No. 17-1 at 465. The trial court sentenced Owens to a total term of imprisonment of fourteen years. *Id.* at 485.

Owens appealed his convictions to the Appellate Division, Fourth Department. SCR at 63-87. The Appellate Division affirmed the convictions. *See People v. Owens*, 149 A.D.3d 1561 (N.Y. App. Div. 2017). The Court of Appeals denied Owens's application for leave to appeal. *People v. Owens*, 89 N.E.3d 1264 (N.Y. 2017) (table op.).

After trial and during direct review, Owens pursued several motions to vacate under New York Criminal Procedure Law § 440.10. *See, e.g.*, SCR at 43-45, 49-52. The trial court denied those motions, *see* SCR at 47-48, 227-31, and the Appellate Division denied permission to appeal. SCR at 240.

In February 2018, Owens brought the present habeas petition.

**DISCUSSION**

In support of his petition, Owens argues that: (1) trial counsel provided ineffective assistance of counsel; (2) before trial, the State failed to provide specific dates when the incidents allegedly occurred; (3) the trial court failed to hold a *Ventimiglia* hearing before permitting one of the witnesses to testify; (4) the sentence is excessive; and (5) there was insufficient evidence presented at trial to support the convictions. Dkt. No. 1 at 6-7, 10. The Court examines each claim in turn.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), Section 2254(d) of Title 28 permits a federal court to grant a habeas corpus petition with respect to a state conviction in only two situations. The state court's adjudication of the claim must have

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As to subsection (1), in order to overturn a state court's decision on the ground that it conflicts with "clearly established Federal law," the petitioner may pursue one of two paths. "First, a petitioner may show that a state court's decision was 'contrary to' federal law, by demonstrating either (1) that the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court, or (2) that, when presented with facts that are materially indistinguishable from a relevant Supreme Court precedent, the state court arrived at a result opposite to the one reached by the Supreme Court." *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013).

"Alternatively, a petitioner may prevail by showing that a state court's decision involved an 'unreasonable application' of federal law." *Id.* at 132-33. "A state court decision involves an 'unreasonable application' of federal law 'if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts' of the case before it." *Id.* at 133. This involves "[s]ome increment of incorrectness beyond error." *Id.*

As to subsection (2), "a federal habeas court may grant relief where the state court's determination 'was based on *an unreasonable determination of the facts* in light of the evidence presented in the [s]tate court proceeding.'" *Evans v. Griffin*, No. 16-CV-5438, 2019 WL 3997439, at *11 (E.D.N.Y. Aug. 23, 2019) (quoting 28 U.S.C. § 2254(d)(2)). The question is whether the evidence "can fairly be read to support the trial court's factual determinations," and a state court's factual determination "is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Id.* (internal brackets omitted). "Where reasonable minds reviewing the record might disagree as to the relevant finding, that is not sufficient to supplant the state court's factual determination." *Id.* (internal quotation marks and brackets omitted).

**I. Ineffective Assistance of Counsel**

In his successive motions to vacate, Owens asserted that he had received ineffective assistance of counsel in violation of his federal constitutional rights. Over the course of those motions, Owens articulated several bases for this claim.

In his April 2015 motion, Owens asserted that trial counsel refused to call "a key defense witness" because the witness was a minor. SCR 44-45. (The Court hereinafter refers to this minor

4

witness as "L.F."). The trial court rejected Owens's argument on the ground that it was too conclusory to merit relief. SCR at 48.

In his June 2015 motion, Owens again argued that he received ineffective assistance because his attorney failed to call L.F. SCR at 49-51. Owens stated that L.F. would have testified that Owens "hardly ever interacted with the [victims]" during the period in question. SCR at 53-54. Owens also alleged that trial counsel failed to "find and contact" three other possible defense witnesses. SCR at 51, 53. Owens asserted that the three witnesses (a mother and her two children) would have testified that he never inappropriately touched the mother's children. *See* SCR at 56-57. The trial court denied the motion. SCR at 61-62.

In June 2017, Owens filed a third motion to vacate. SCR at 185-87. Owens again asserted that his trial counsel provided ineffective assistance when he refused to call L.F. or investigate the other three witnesses. SCR at 187. As to L.F., Owens cited trial testimony (from a different witness) that indicated that L.F. did not believe Owens had inappropriately touched C.M. *See id.*; Dkt. No. 17-1 at 350. Owens also argued that trial counsel failed to investigate and take photographs of the crime scenes. SCR at 191. Owens theorizes that photographs would have proved that "it would be nearly physically impossible" for him to have committed the crimes without others noticing. *Id.*

In February 2018 and June 2018,[1] Owens filed additional motions to vacate raising the same grounds, which the trial court denied. *See* SCR at 256, 258; Dkt. No. 20 at 16.

In short, Owens's claims are as follows:

---

[1] The state court record filed with the Court does not contain the materials associated with Owens's June 2018 motion, but Respondent has provided a summary in his opposition brief. *See* Dkt. No. 20 at 16. Insofar as Petitioner has not challenged Respondent's summary of the motion, the Court accepts it for purposes of resolving the petition.

5

(1) trial counsel should have investigated and called L.F. at trial, as he would have testified that Owens spent most of his time with him, not with the victims. Further, L.F. would have testified that he did not believe the incident with C.M. occurred. *See* SCR at 187; Dkt. No. 17-1 at 350.

(2) trial counsel should have investigated the mother and her two children, who would have testified that Owens never inappropriately touched the children. *See* SCR at 56-57.

(3) trial counsel should have investigated the crime scenes, as such investigation would have revealed that the abuse could not have occurred without nearby adults noticing. SCR at 191.

The Court concludes that Owens's claims lack merit.

To establish a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must show both "(1) that counsel's representation was objectively deficient, and (2) ensuing prejudice." *Boyland v. Artus*, 734 F. App'x 18, 20 (2d Cir. 2018) (summary order); *see generally Strickland v. Washington*, 466 U.S. 668 (1984). "At the first step, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. At the second, they ask not whether counsel's error had some conceivable effect on the outcome of the proceeding, but whether it so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Boyland*, 734 F. App'x at 20 (internal quotation marks and citations omitted).

Where a petitioner argues that trial counsel failed to investigate or call a certain witness, he must proffer more than vague allegations that the witness's testimony "would have helped his case." *Kemp v. New York*, No. 07-CV-6996, 2008 WL 213880, at *3 (S.D.N.Y. Jan. 25, 2008) (collecting cases); *Whitfield v. Bennett*, No. 01-CV-914, 2007 WL 3232499, at *5 (W.D.N.Y. Oct. 31, 2007) (same). In other words, the petitioner "must state exactly what testimony [the uncalled witness] would have

6

supplied and how such testimony would have changed the result." *Rosario v. Bennett*, No. 01-CV-7142, 2002 WL 31852827, at *33 (S.D.N.Y. Dec. 20, 2002). The same rule applies to failure-to-investigate claims more generally. *See Paige v. Lee*, 99 F. Supp. 3d 340, 349 (E.D.N.Y. 2015) ("The general rule is undetailed and unsubstantiated assertions that counsel failed to conduct a proper investigation have consistently been held insufficient to satisfy either *Strickland* prong." (internal quotation marks omitted)). Furthermore, to demonstrate prejudice, the petitioner must show that the evidence, if admitted at trial, "would have changed the outcome of the case." *Mallet v. Miller*, 432 F. Supp. 2d 366, 379 (S.D.N.Y. 2006).

Owens's claims fail to meet these standards. Based on Owens's briefing, L.F. would have testified that Owens had mostly spent time with him, not the minor victims, and that he did not believe that Owens had inappropriately touched C.M. *See* SCR at 187; Dkt. No. 17-1 at 350. This testimony would only have been marginally relevant, if at all. L.F. would not have offered a true alibi defense—*i.e.*, that Owens was with L.F., not C.M., at the time the incident allegedly occurred. L.F.'s testimony would have only demonstrated that Owens was seemingly uninterested in the victims. That might have served to rebut the testimony of O.B.'s cousin, who stated that Owens became "excited" when young girls visited the house and "always wanted to spend time" with them. Dkt. No. 17-1 at 235-36. But in that respect, L.F.'s testimony would have been cumulative, since another witness, Justin Frank, testified to much the same thing. *See* Dkt. 17-1 at 300 (agreeing that Owens "spent more time with [L.F.] than with anybody else").

More to the point, the Court fails to see how L.F.'s testimony would have meaningfully undercut the victims' accounts or the prosecution's overall theory of the case, since it pertained to

7

an ancillary detail. Likewise, L.F.'s alleged opinion that Owens had not harmed C.M., absent any suggestion that he had personal knowledge of the events, is immaterial.

In a similar vein, even if it were admissible, the evidence that Owens had not touched two other children, and therefore did not have a predilection or predisposition to commit these crimes, would simply have been of little probative value given the unambiguous testimony of the victims. Thus, Owens cannot demonstrate prejudice.

The Court further agrees with the state trial court that Owens' claim regarding the crime scenes is too speculative to merit relief. *See* SCR at 209. Owens asserts that crime-scene photographs would have undermined the prosecution's theories of the abuse. Specifically, O.B. testified that O.B.'s cousin did not see the inappropriate touching even though she was nearby when it occurred, and C.M. testified that Justin Frank walked into the bedroom when Owens was touching her. Owens asserts that "photographic evidence of the two alleged crimes scenes" would have proven "it to be unlikely that [the] alleged abuse of [O.B.] could have happened without being seen by [O.B.'s cousin]," and that it would have been "physically impossible" for Justin Frank not to have seen "the allegedly half naked [C.M.] given the very small size of the room." SCR at 191.

Absent further explanation, Owens's logic is unpersuasive. The trial transcripts offer a plausible reason why O.B.'s cousin did not see the abuse: O.B.'s testimony was that her cousin was facing the other way and loading a child into a car when Owens touched her. *See* Dkt. No. 17-1 at 380-81. Similarly, Justin Frank did not witness the abuse of C.M. because he walked in *after* it had occurred—and when he entered the room, he in fact noticed C.M. in a state of undress. *See* Dkt. No. 17-1 at 295, 306-07. The Court cannot otherwise discern, and Owens fails to explain, how

photographs of the crime scenes would have called into question the victims' testimony or the prosecution's theory.

Accordingly, Owens's claim for ineffective assistance of counsel does not merit relief.

## II. Failure to Provide Specific Dates

Owens next argues that his convictions were obtained in violation of the Constitution because the State failed to provide him with the specific dates on which the incidents were alleged to have occurred. Dkt. No. 1 at 7.

By way of background, the indictment merely alleges that the unlawful sexual contact occurred "on an unknown date during Fall of 2012 in the Town of Tyre." SCR at 95-96. During pretrial proceedings, the trial court ordered the State to provide more details about the location, time of day, and date of each incident. SCR at 19-21. The State submitted a letter with the following information:

> [C.M.] was interviewed on November 28, 2012 and stated that the incidents . . . occurred "a few months ago". Additional details provided by her uncle Justin Frank reveals that it happened over a weekend sleepover some time after September 19, 2012 during the night hours after everyone went to bed.
>
> [O.B.] was interviewed on November 25, 2012 and stated that the incident occurred "a couple of months ago" while saying goodbye to the defendant after spending the night. [O.B.'s] mother . . . provided additional details stating that her daughter was picked up on a Friday and dropped off at 1:00 p.m. on Saturday or Sunday. Thus the incident . . . would have occurred on a weekend day prior to 1:00 p.m.

SCR at 23.

In his April 2015 motion to vacate, Owens seems to have raised the issue of whether these disclosures were sufficient. He wrote that the trial court wrongly failed to dismiss the charges "after the prosecution failed to provide detailed information in the 'Discovery'." SCR at 44. The trial court rejected this argument, concluding that Owens could adequately raise the issue on direct appeal. SCR

at 48; *see also* N.Y. Crim. P. L. § 440.10(2)(b) (requiring court to deny motion to vacate where "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal"). Nevertheless, Owens did not raise this specific issue before the Appellate Division or in his application to the Court of Appeals.[2] *See* SCR at 64-87, 173-78. Instead, after the Appellate Division denied his direct appeal, Owens raised the issue in his June 2017 motion to vacate. The trial again denied the motion because Owens could have, but had not, raised the issue on appeal. SCR at 187-88, 207; *see* N.Y. Crim. P. L. § 440.10(3)(a) (permitting a court to deny motion to vacate where defendant could have, but did not, raise issue on appeal).

For these reasons, Respondent argues that Owens cannot obtain relief on this ground because the "state court rejected the claim on independent and adequate state law grounds." Dkt. No. 20 at 25. The Court agrees.

"The Supreme Court has made it clear that, absent a showing of cause and prejudice, or that a fundamental miscarriage of justice will occur, a Federal habeas court may not review a Federal claim that has been defaulted in State court pursuant to an independent and adequate State procedural ground." *Brown v. New York*, 374 F. Supp. 2d 314, 318 (W.D.N.Y. 2005); *see also Goldston v. O'Meara*, No. 16-CV-1191, 2017 WL 3034314, at *8 (N.D.N.Y. July 17, 2017) ("Substantive review of a habeas claim is prohibited if the state court rested its decision on a state-law ground that is independent of

---

[2] Owens raised a similar but conceptually distinct point on appeal. In his brief to the Appellate Division, Owens argued that the evidence was insufficient to convict him on the charged offenses, in part because the victims did not testify "as to when the underlying acts occurred." SCR at 81. The Appellate Division deemed this challenge unpreserved because Owens "failed to make a motion to dismiss that was specifically directed at that alleged error." *Owens*, 149 A.D.3d at 1562 (internal quotation marks omitted). The trial transcript confirms that defense counsel did not raise that issue in his oral motion to dismiss. Dkt. No. 17-1 at 392-94.

the federal question and adequate to support the judgment." (internal quotation marks omitted)). "For instance, federal habeas review of a federal claim is unavailable where a state court declined to address such claim because the prisoner had failed to meet a state procedural requirement." *Avent v. Napoli*, No. 08-CV-932, 2013 WL 1788626, at *10 (S.D.N.Y. Feb. 7, 2013) (internal quotation marks and brackets omitted).

The procedural bars at issue here are subsections (2)(b) and (3)(a) of N.Y. Criminal Procedure Law § 440.10. The former requires a convicted defendant who has "an appeal pending or who still can appeal to present all record-based claims in their direct appeal." *Holland v. Irvin*, 45 F. App'x 17, 20 (2d Cir. 2002) (summary order) (citing N.Y. Crim. P. L. § 440.10(2)(b)). The latter provides that "a court may deny a motion to vacate judgment if facts in support of the claim raised in the motion could, with due diligence by the petitioner, have been made to appear on the record in a manner providing an adequate basis for review on direct appeal, and the petitioner unjustifiably failed to do so." *Young v. McGinnis*, 411 F. Supp. 2d 278, 331 (E.D.N.Y. 2006). Courts have held that, if invoked by the state court, § 440.10(2)(b) & (3)(a) operate as independent and adequate state procedural grounds that bar federal habeas review. *Goldston*, 2017 WL 3034314, at *9; *see also Davis v. Graham*, No. 06-CV-659, 2010 WL 597960, at *6 (W.D.N.Y. Feb. 17, 2010) ("[F]ederal courts in this Circuit have routinely upheld the application of CPL § 440.10(3)(a) as an adequate and independent state ground that prevents a federal court from reviewing the merits of the claim.").

Here, the trial court twice denied Owens's claim because it should have been raised on direct appeal. The trial court's reasons for rejecting Owens's claim rest on adequate and independent state-law grounds.

11

Therefore, federal habeas review is barred as to this claim, unless Owens can "demonstrate cause for the default or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Davis*, 2010 WL 597960, at *6 (internal ellipsis omitted). Owens has not met either exception. Owens has not identified any cause for his default—that is, any "objective external factor [that] impeded his ability to comply with the relevant procedural rule[s]."[3] *Goldston*, 2017 WL 3034314, at *13. As for the miscarriage-of-justice exception, a petitioner must show "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). "Actual innocence means factual innocence, not mere legal insufficiency." *Id.* (internal brackets and quotation marks omitted). As the Court discusses in more detailed below, Owens cannot demonstrate that the evidence against him was legally insufficient, let alone that he is factually innocent. Ultimately, two competent victims testified to conduct for which Owens could be lawfully convicted, and the inconsistencies and discrepancies Owens identifies are not so salient as to establish that he is actually innocent.

Accordingly, this claim is procedurally defaulted, and the Court may not review it.

## III. Failure to Conduct *Ventimiglia* Hearing

At trial, a minor witness identified as S.F. testified about the incident with C.M. and Owens. *See* Dkt. No. 17-1 at 341-53. She alleged that Owens had entered the bedroom in which C.M. and S.F. were sleeping, kicked S.F. out of the room, and laid down next to C.M. in the bed. *See id.* at 345-

---

[3] One of the questions in the habeas-petition form that Owens completed is: "If you did not previously present any of the grounds listed in 22A, 22B, 22C, and 22D in any other court . . . state briefly what grounds you did not present and give your reasons for not presenting them." Dkt. No. 1 at 7. Owens answered this question by stating "(22A) Appellate attorney was informed of these issues but did not use them in the appeal." *Id.* "22A" is a reference to Owens's claim for ineffective assistance of counsel. *See id.* at 6. Owens does not explain why he failed to raise the issue regarding the specific dates on appeal, which is listed as Ground "22B" in the habeas petition. *See id.* at 7.

12

49. During the course of her testimony, S.F. also alleged that Owens had inappropriately touched her as well. *Id.* at 346, 348.

Defense counsel did not object to this testimony at trial, but after trial, he moved to set aside the verdict due to S.F.'s testimony that Owens had abused her. SCR at 25-26. Defense counsel argued that a *Ventimiglia* hearing should have been held before S.F.'s testimony was elicited at trial.[4] SCR at 26. The trial court denied the motion. Dkt. No. 17-1 at 476.

On appeal, Owens maintained that the trial court should have held a *Ventimiglia* hearing before permitting S.F. to testify. *See* SCR at 84-85. The Appellate Division rejected the argument, stating, "Inasmuch as defendant raised that contention for the first time in a posttrial CPL 330.30 motion, it is not preserved for our review and we decline to exercise our power to review it as a matter of discretion in the interest of justice." *Owens*, 149 A.D.3d at 1562 (internal citations omitted). Owens highlighted this issue in his application for leave, but, as noted, the application was denied. SCR at 177-78, 238. Owens now presents this issue in his habeas petition. SCR at 7.

The Court need not address the merits of Owens's claim, however, because the Appellate Division's reason for rejecting it rested on an adequate and independent state procedural ground. *See Goldston*, 2017 WL 3034314, at *8. Specifically, defense counsel failed to preserve the issue for review because he did not object to S.F.'s testimony at trial, and the later motion to set aside the verdict was insufficient to cure that failure. *See Owens*, 149 A.D.3d at 1562; *see also People v. Padro*, 551 N.E.2d 1233 (N.Y. 1990) ("A postverdict motion . . . is not, by itself, ordinarily sufficient to preserve a

---

[4] "The purpose of the *Ventimiglia* hearing is to determine whether alleged prior bad acts of the defendant can be used by the prosecution as *direct evidence* of defendant's guilt." *People v. Spotford*, 650 N.E.2d 1296, 1298 (N.Y. 1995).

question of law . . . and inasmuch as defendant failed to make appropriate objections during trial, the points presented by defendant are not preserved for review in this Court."). "Both the Supreme Court and the Second Circuit have held that the failure to object at trial when required by New York's contemporaneous objection rule . . . is an adequate and independent state ground." *Cunningham v. Conway*, 717 F. Supp. 2d 339, 359 (W.D.N.Y. 2010); *see also Martinez v. Berbary*, No. 08-CV-6464, 2010 WL 4674302, at *6 (W.D.N.Y. Nov. 18, 2010) ("The Appellate Division's reliance on the contemporaneous objection rule [] constitutes an independent and adequate state ground barring this Court's review of this claim."). Because the Appellate Division rejected Owens's claim on an adequate and independent state procedural ground, and because Owens has failed to demonstrate cause or a miscarriage of justice, *see* Section II, *supra*, habeas review of this claim is barred.

## IV. Excessive Sentence

Owens argues that the sentence he received was harsh and excessive, as "the evidence produced at trial . . . does not support the given sentence." Dkt. No. 1 at 7. As Respondent points out, this claim is not cognizable on habeas review. *See* Dkt. No. 20 at 33-34.

"When a petitioner claims that his sentence is harsh and excessive, for purpose of habeas review, no federal constitutional issue is presented if the sentence is within the range prescribed by state law." *Rubin v. Lamanna*, No. 18-CV-1924, 2019 WL 3557693, at *17 (E.D.N.Y. Aug. 5, 2019) (internal quotation marks, brackets, and ellipsis omitted); *see Willett v. Berbary*, 456 F. Supp. 2d 404, 407-08 (W.D.N.Y. 2006) (collecting cases). Here, Owens was convicted of two counts of first degree sexual abuse and two counts of endangering the welfare of a child. The former required a determinate sentence of imprisonment between two and seven years, *see* N.Y. Pen. L. § 70.02(3)(c), and the latter

14

required a definite sentence of up to one year. *See id.* § 70.15(1). Furthermore, N.Y. Penal Law § 70.25(1) permitted the sentencing judge to impose consecutive sentences for Owens's offenses. Therefore, Owens's sentence—consecutive seven-year sentences on the sexual abuse counts and consecutive one-year sentences on the endangerment counts (to run concurrent with the sexual abuse counts)—fell within the permitted statutory ranges. "[N]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *Jackson v. Potter*, No. 07-CV-293, 2009 WL 6656277, at *6 (N.D.N.Y. July 17, 2009).

## V.   Insufficiency of the Evidence

Finally, Owens argues that the evidence was insufficient to support his conviction.[5] Dkt. No. 1 at 10. He states that the State "never offered any evidence beyond the testimony of the victims"— *e.g.*, "forensic evidence" like "photographs, DNA, or medical evidence"—and there were no other witnesses to the alleged abuse. *Id.* He also notes that there were "several contradictions" in the victims' testimony. *Id.*

"The Due Process Clause of the Fourteenth Amendment of the United States Constitution mandates that a defendant in a criminal case be convicted only upon proof beyond a reasonable doubt of every element necessary to constitute the crime with which he is charged." *Paramore v. Filion*, 293 F. Supp. 2d 285, 289 (S.D.N.Y. 2003). "To find a due process violation, the Court must determine that the record before the trial court was 'so totally devoid of evidentiary support' that a

---

[5] Owens frames his argument as one challenging "the weight of the evidence." Dkt. No. 1 at 10. But it is well-established that "a weight of the evidence claim is an error of state law, for which habeas review is not available." *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006). The Court construes Owens's petition liberally to raise a challenge to the sufficiency of the evidence.

15

reasonable fact-finder could not have found the defendant guilty beyond a reasonable doubt." *Id.* "This determination is based on all of the evidence and considered in the light most favorable to the prosecution." *Id.* "A legal sufficiency claim on federal habeas review is doubly deferential because . . . a federal court may not grant the writ of habeas corpus unless the state courts' decision rejecting the sufficiency claim was based on an unreasonable application of . . . clearly established Federal law." *Hughes v. Sheahan*, 312 F. Supp. 3d 306, 338 (N.D.N.Y. 2018) (internal quotation marks and brackets omitted). In other words, habeas relief is not appropriate unless the Court concludes that "*no* reasonable court could have held that *any* reasonable jury could have read the evidence to establish petitioner's guilt beyond a reasonable doubt." *Garbutt v. Conway*, 668 F.3d 79, 82 (2d Cir. 2012).

Owens cannot meet this stringent standard for relief. O.B. and C.M., the putative victims, testified that Owens engaged in the sexual contact alleged. Even if the Court were to agree that there was no evidence offered beyond the victims' testimony, the testimony of a victim, even a minor victim, is ordinarily sufficient to support a conviction. *See Urruita v. Greene*, No. 05-CV-6153, 2007 WL 2484305, at *6 (W.D.N.Y. Aug. 28, 2007) (holding that the "uncorroborated testimony of the child victim" was sufficient to support conviction for first degree sodomy); *Howard v. Potter*, No. 06-CV-982, 2009 WL 3259080, at *6 (N.D.N.Y. Oct. 7, 2009) (collecting cases). Consequently, the alleged absence of forensic, medical, or other corroborating evidence is immaterial. *See Howard*, 2009 WL 3259080, at *6 ("While Petitioner points to a lack of supporting medical evidence, the testimony of the victims was sufficient to establish Petitioner's guilt beyond a reasonable doubt." (citation omitted)); *Hogan v. West*, 448 F. Supp. 2d 496, 513 (W.D.N.Y. 2006) ("[A] lack of medical proof does not fatally undermine the sufficiency of a conviction for sexual abuse."); *cf.* 65 Am. Jur. 2d Rape § 70

("The testimony of a victim alone is sufficient to establish the elements of aggravated rape even when the State does not introduce medical, scientific, or physical evidence to prove that the defendant committed the offense.").

That being said, there were corroborating details offered trial: S.F.'s and Justin Frank's testimony corroborated C.M.'s account of the evening on which Owens abused her, and O.B.'s mother testified that she noticed a change in O.B.'s behavior around the time Owens inappropriately touched her. Moreover, to the extent there were discrepancies or inconsistencies in the witnesses' and victims' accounts, Owens "had an opportunity to highlight these to the jury at trial," and the jury "chose to believe [C.M.'s and O.B.'s] testimony despite any inconsistencies." *United States v. Vasquez*, 267 F.3d 79, 91 (2d Cir. 2001). On habeas review, this Court defers to, and may not second-guess, the jury's assessment of credibility. *Id.*; *Urruita*, 2007 WL 2484305, at *7 ("[A]ny claim by petitioner that a witness' testimony was unworthy of belief is not reviewable in habeas proceedings since credibility determinations are the province of the jury.").

At bottom, the accounts offered by C.M. and O.B. were not so far-fetched or incredible as to render the jury's verdict unreasonable as a matter of law. Deferring to the jury's credibility determinations, the Appellate Division reasonably concluded there was sufficient evidence that Owens subjected the minor victims to sexual contact (for purposes of the sexual-abuse offenses) and "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare" of those victims (for purposes of the endangerment offenses). N.Y. Penal L. §§ 130.65(3), 260.10(1).

Owens is not entitled to relief based on his challenge to the sufficiency of the evidence.

## CONCLUSION

For the reasons stated above, the Court recommends that Owens's request for habeas relief be **DENIED** and his Petition for Habeas Corpus (Dkt. No. 1) be **DISMISSED**.

A copy of this Report and Recommendation was sent by Chambers to Owens at his current facility.

Pursuant to 28 USC § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation, in accordance with 28 USC § 636(b)(1), Fed. R. Civ. P. 72(b)(2) and WDNY Local Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** *Thomas v. Arn*, 474 U.S. 140 (1985); *F.D.I.C. v. Hillcrest Associates*, 66 F.3d 566 (2d. Cir. 1995); *Wesolak v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge

in the first instance. *See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: October 6, 2020

19